```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _7/26/2020___
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
IN RE: RUDOLFO VALENTIN QUIROGA

19 Civ. 8188 (AT)

**ORDER**

ANALISA TORRES, District Judge:

On September 3, 2019, Appellant *pro se*, Rudolfo Valentin Quiroga, filed a notice of appeal to this Court. ECF No. 1. To date, Appellant has not filed a memorandum of law in support of his appeal, nor an affirmation that he has served the opposing party. On June 19, 2020, the Court issued an order to show cause ("OSC") directing Appellant to respond by July 10, 2020 stating why the appeal should not be dismissed under Federal Rule of Civil Procedure 41(b) for lack of prosecution of his appeal. OSC, ECF No. 2. Appellant did not file a response.

A district court contemplating dismissal for failure to prosecute or comply with a court order pursuant to Rule 41(b) must consider:

> 1) the duration of [the] plaintiff's failures or noncompliance; 2) whether [the] plaintiff had notice that such conduct would result in dismissal; 3) whether prejudice to the defendant is likely to result; 4) [the court's] interest in managing its docket against [the] plaintiff's interest in receiving an opportunity to be heard; and 5) . . . the efficacy of a sanction less draconian than dismissal.

*Baffa v. Donaldson, Lufkin & Jenrette Sec. Corp.*, 222 F.3d 52, 63 (2d Cir. 2000). "No one factor is dispositive" in determining the proper outcome and the Court must weigh all five factors in determining whether dismissal is appropriate under Rule 41(b). *United States ex rel. Drake v. Norden Sys. Inc.*, 375 F.3d 248, 254 (2d Cir. 2004); *see also Avila v. Comm'r of Soc. Sec.*, No. 15 Civ. 2456, 2016 WL 1562944, at *3 (S.D.N.Y. Apr. 18, 2016). Dismissal under Rule 41(b) is subject to the "sound discretion of the district courts." *Tutora v. Correct Care Sols., LLC*, No. 17 Civ. 9169, 2020 WL 1164793, at *1 (S.D.N.Y. Mar. 11, 2020).

The Court concludes that all factors weigh in favor of dismissal. First, Appellant has not made any filings in this appeal for over ten months. Second, the Court gave notice to Appellant that failure to respond to the OSC would result in dismissal. *See* OSC. Third, "[p]rejudice to [Appellees] resulting from unreasonable delay may be presumed," *Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 43 (2d Cir. 1982), and here the delay has been substantial. Fourth, the Court has given Appellant "a fair chance to be heard," and the Court must manage its docket efficiently. *Koch v. Preuss*, No. 19 Civ. 2830, 2020 WL 1304084, at *2 (S.D.N.Y. Mar. 18, 2020).

Fifth, dismissal is appropriate in light of the record. Over ten months have elapsed since Appellant filed a notice of appeal to this Court. Appellant has neither complied with the time limit for submissions under the Federal Rules of Bankruptcy Procedure, nor responded to the Court's OSC. Under these circumstances, dismissal is well within the discretion of the Court. *See, e.g.*, *Koch*, 2020 WL 1304084, at *2 ("When an appellant fails to file a brief on time . . . the

district court . . . , after notice, may dismiss the appeal on its own motion." (quoting Fed. R. Bankr. P. 8018(a)(4)) (internal quotation marks omitted)); *In re Kleinman*, 95 Civ. 2663, 95 Civ. 2665, 1996 WL 157469, at *1 (S.D.N.Y. Apr. 4, 1996) (dismissing bankruptcy appeals *sua sponte* for failure to perfect appeals in accordance with Federal Rule of Bankruptcy Procedure 8009(a); *In re Tornheim*, No. 95 Civ. 8474, 1996 WL 79333, at *2 (S.D.N.Y. Feb. 23, 1996) (dismissing appeal where appellant failed to meet the deadlines set forth in the Federal Rules of Bankruptcy Procedure and did not to respond to a motion to dismiss the appeal for failure to prosecute).

Accordingly, the appeal is DISMISSED. The Clerk of Court is directed to close the case and mail a copy of this order to Appellant *pro se*.

SO ORDERED.

Dated: July 26, 2020
      New York, New York

_____
ANALISA TORRES
United States District Judge